**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-41929 |
| | Chapter 13 |
| Brenda Sia Fadiga, | |
| Debtor. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtor and requests that the plan be denied.

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2.      The Trustee has requested copies of the debtor's bank statements.  To date, that documentation request has not been fulfilled. A chapter 13 debtor has a duty to supply that documentation to the Trustee pursuant Federal Rule of Bankruptcy Procedure 4002(b).  Until that information is received, the Trustee cannot determine if the plan satisfies the best interest of creditors test.  *See* 11 U.S.C. § 1325(a)(4) (the value, as of the effective date of the plan, of property to be distributed under a chapter 13 plan on account of each allowed unsecured claim must not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.).

3.      The Trustee has requested copies of the debtor's most recently filed tax return. To date, that request has not been fulfilled.  Chapter 13 debtors have a duty to supply that documentation to the Trustee pursuant to 11 U.S.C. § 521(e)(2) and Federal Rule of Bankruptcy Procedure 4002(b)(3).

4.      The Internal Revenue Service filed a priority claim that exceeds the estimated amount of the claim listed in the plan, which results in the plan being insufficiently funded to pay all priority claims in full.  The filed schedules do not demonstrate that the debtor has sufficient income to make increased payments to cover this shortfall.  *See* 11 U.S.C. § 1325(a)(6) (requiring a debtor to demonstrate that the debtor's plan is feasible); 11 U.S.C. § 1322(a)(2) (requiring, generally, that a plan must provide for payment in full of all allowed priority claims).

5.      The debtor's plan provides for the maintenance of payments by the debtor to Caliber Home Loans, Inc.  According to the debtor's testimony, she does not have a mortgage with this company.  The Trustee requests that the plan be modified to accurately reflect the debtor's secured claims.

6.      At Part 7.1, the debtor's plan provides for the payment of the $6,037 secured claim of Zoom Financial to be made by the Trustee at 9 percent interest, with no valuation of the claim.  However, the estimated payments to the creditor total only $3,806.65.  The Trustee requests that this error be corrected.

1

WHEREFORE, the Trustee requests that the Court deny confirmation of the plan.

Dated:   07/15/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-331-4429

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   07/15/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                          BKY 26-41929
                                                               Chapter 13
Brenda Sia Fadiga,

        Debtor.

**MEMORANDUM OF LAW**

### I.    Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

### II.   Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed.  When a debtor fails to carry that ultimate burden, confirmation must be denied.  *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

### III.  Best Interest of Creditors Test

Known as the best interest of creditors test, Section 1325(a)(4) states that the court shall confirm a plan if, among other requirements, "the value as of the effective date of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date."  11 U.S.C. § 1325(a)(4).  In other words, under this test, creditors must receive as much under a debtor's Chapter 13 plan as they would receive in a liquidation.  *See In re Rice*, 357 B.R. 514, 518 (B.A.P. 8th Cir. 2006) (Chapter 12); *In re Larson*, 245 B.R. 609, 614 (Bankr. D. Minn. 2000) (best interests of creditors test in Chapter 13 requires payment to unsecured creditors in amount greater than what they would receive in hypothetical liquidation, considering exempt and nonexempt assets and potential recovery of assets under Chapter 7 through fraudulent transfer and preference actions).  As noted in the Trustee's motion, the debtor has not yet demonstrated that the plan satisfies this test.

### IV.  Feasibility

In order to obtain confirmation of a chapter 13 plan, a debtor must demonstrate that the proposed payments are feasible.  *See* 11 U.S.C. § 1325(a)(6) (requiring that "the debtor will be able to make all payments under the plan and to comply with the plan.").  Success need not be guaranteed to establish feasibility.  5 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 1129.02 (16th ed.).  Courts are known to "grant debtors the [sic] every reasonable benefit of the doubt in matters concerning plan feasibility in furtherance of the

3

rehabilitative policies underlying the Code." *See, e.g.*, *In re Tofsrud*, 230 B.R. 862, 872-73 (Bankr. D. N.D. 1999). However, Courts will not blindly confirm a plan that will not cash flow. *See In re Dittmer*, 82 B.R. 1019, 1022 (Bankr. D.N.D. 1988). "In determining whether [a plan] is feasible, the bankruptcy Court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985) (citing *United Props., Inc. v. Emporium Dep't Stores, Inc.*, 379 F.2d 55, 64 (8th Cir. 1967)). As noted in the Trustee's motion, the debtor has not demonstrated that the plan is feasible.

## V.  Conclusion

Based on the foregoing, the Trustee requests that the Court deny confirmation of the plan.

Dated:   07/15/2026                                s/ Kyle L. Carlson
                                                   Kyle L. Carlson, Trustee

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   07/15/2026                                s/ Kyle L. Carlson
                                                   Kyle L. Carlson, Trustee

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-41929 |
| | Chapter 13 |
| Brenda Sia Fadiga, | |
| Debtor. | |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Brenda Sia Fadiga
10825 185th CT NW
Elk River, MN 55330

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 07/15/2026

s/ Josh Wiczek
Josh Wiczek
Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                 BKY 26-41929
                                                                       Chapter 13
Brenda Sia Fadiga,

          Debtor.

**ORDER**

This case is before the Court for confirmation hearing on the Chapter 13 plan of Brenda Sia Fadiga.

IT IS ORDERED:

Confirmation of the debtor's Chapter 13 plan is DENIED.


Dated:


_____
Katherine A. Constantine
Chief United States Bankruptcy Judge