SEND MAIL TO:
✓ ST. CLOUD
MAPLE GROVE

LIFEBACK
LAW FIRM, P. A.
EST. 1972
WE DON'T JUDGE YOU, WE HELP YOU GET YOUR LIFE BACK!™

November 17, 2026

TO: U.S. TRUSTEE, TRUSTEE, AND ALL CREDITORS

Re: CLIENTS

Bankruptcy Case No.: 26-41929

To Whom It May Concern:

Enclosed herewith and served upon you please find a Notice of Confirmation Hearing and Modified Chapter 13 Plan concerning the above-referenced bankruptcy case.

Your humble servant,

Lillian Sackett

Lily Sackett

LNS / nha

Enclosure

ST. CLOUD | 13 SEVENTH AVENUE SOUTH | ST. CLOUD, MINNESOTA 56301 | 320.252.0330 | FAX 320.252.0971
BRAINERD | 211 SOUTH 4TH ST. | BRAINERD, MINNESOTA 56401 | 218.822.3300 | FAX 218.297.2002
MAPLE GROVE | 6445 SYCAMORE CT. NORTH | MAPLE GROVE, MINNESOTA 55369 | 612.843.0529 | FAX 763.657.1974
EAGAN | 4480 ERIN DRIVE | EAGAN, MINNESOTA 55122 | 612.843.0525 | FAX 651.414.0849
DULUTH | 11 EAST SUPERIOR STREET, SUITE 563 | DULUTH, MINNESOTA 55802 | 218.822.3300
EDEN PRAIRIE | 7525 MITCHELL ROAD, SUITE 208 | EDEN PRAIRIE, MINNESOTA 55344 | 612.843.0524
MINNEAPOLIS| 2124 DUPONT AVE S SUITE 103 | MINNEAPOLIS, MINNESOTA 55405 | 612-843-0527
SAINT PAUL| 370 SELBY AVENUE, SUITE 224| SAINT PAUL, MINNESOTA 55102| 612-843-0523

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re:<br>Branda Sia Fadiga | Case No.26-41929<br>Chapter 13 |

Debtor(s).

---

**NOTICE OF CONFIRMATION HEARING**

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on December 17, 2025 at 11:00 a.m., U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 S 4th St, Minneapolis, Minnesota.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 17th day of November, 2026.

LIFE BACK LAW FIRM, P.A.

/e/ Lily Sackett #0397663
Attorney for Debtor(s)
13 Seventh Avenue South
St. Cloud, Minnesota 56301
(320) 252-0330
lily@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Brenda Sia Fadiga<br>Debtor(s) | Case No. 26-41929<br><br>Chapter 13 |

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 11/17/2026, I did cause a copy of the following document(s), described below:

Notice of Confrimation of Hearing , Modified plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 11/17/2026.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/17/2026

/s/ Lily Sackett
Lily Sackett
Bar No. 0397663
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
Najami@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:
Brenda Sia Fadiga
Debtor(s)

Case No. 26-41929
Chapter 13

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 11/17/2026, I did cause a copy of the following document(s), described below:

Notice of Confrimation of Hearing , Modified plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/17/2026

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 11/17/2026, I caused a copy of the Notice of Confrimation of Hearing and Modified plan to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| ARC/Absolute Resolutions Corp | | | Attn: Bankruptcy | Po Box 243 | Minneapolis MN 55439 |
| ABSOLUTE RESOLUTIONS CORPORATION | | | 8000 NORMAN CENTER DRIVE SUITE 350 | | BLOOMINGTON MN 55437-1118 |
| American Express National Bank | | | c/o Becket and Lee LLP | PO Box 3001 | Malvern PA 19355-0701 |
| Amex | | | CorrespondenceBankruptcy | Po Box 981535 | El Paso TX 79998-1535 |
| Applied Data Finance, LLC | | Personify Financial | PO Box 208417 | Attn: Legal Department | Dallas TX 75320-8417 |
| Caliber Home Loans, In | | | 715 S Metropolitan Ave | | Oklahoma City OK 73108-2054 |
| California Department of Reven | | | Franchise Tax Board | PO Box 942867 | Sacramento CA 94267-0001 |
| Capital One | | | AttN: Bankruptcy | Po Box 30285 | Salt Lake City UT 84130-0285 |
| CenterPoint Energy | | | 1111 Louisiana Street STE 4600 | | Houston TX 77002-5247 |
| Credit One Bank | | | Attn: Bankruptcy Department | 6801 Cimarron Rd | Las Vegas NV 89113-2273 |
| Directv, LLC | | | by AIS InfoSource LP as agent | PO Box 5072 | Carol Stream IL 60197-5072 |
| Discovercard | | | Po Box 30939 | | Salt Lake City UT 84130-0939 |
| Elk River Municipal Utlities | | | 13069 Orono Parkway | PO Box 430 | Elk River MN 55330-0230 |
| Fst Premier | | | Attn: Bankruptcy | 601 S Minnesota Ave | Sioux Falls SD 57104-4824 |
| Gurstel Law Firm | | | 6681 COUNTRY CLUB DR | | Minneapolis MN 55427-4601 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| JEFFERSON CAPITAL SYSTEMS LLC | | | PO BOX 7999 | | SAINT CLOUD MN 56302-7999 |
| Jefferson Capital Systems, Llc | | | Attn: Bankruptcy | 200 14th Ave E | Sartekk MN 56377-4500 |
| LVNV Funding LLC/Resurgent Capital Servi | | | Resurgent Correspondence, Attn: Bankrupt | Po Box 1269 | Greenville SC 29602-1269 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| Maple Grove Hospital | | | 3300 Oakdale Ave N | | Minneapolis MN 55422-2926 |
| Messerli & Kramer | | | 3033 Campus Drive | Suite 250 | Plymouth MN 55441-2685 |
| Minnesota Office of Higher Ed | | | PO Box 82522 | | Lincoln NE 68501-2522 |
| NCB Management Services, Inc. | | | One Allied Drive | | Trevose PA 19053-6945 |
| NewRez LLC | | | PO Box 10826 | | Greenville SC 29603-0826 |
| Newrez | | | Attn: Bankruptcy | P.O.Box 10826 | Greenville SC 29603-0826 |
| Personify | | | Po Box 208417 | | Dallas TX 75320-8417 |
| Premier Bankcard, LLC | | | Jefferson Capital Systems, LLC Assignee | PO BOX 7999 | SAINT CLOUD MN 56302-7999 |
| Quantum3 Group LLC as agent for | | | MOMA Trust LLC | PO Box 788 | Kirkland WA 98083-0788 |

| | | | | | |
|---|---|---|---|---|---|
| Resurgent Receivable, LLC | | | PO BOX 10587 | | Greenville SC 29603-0587 |
| Resurgent Receivables, LLC c/o | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| SJJ Law | | | 7900 Xerxes Ave South | Suite 2020 | Bloomington MN 55431-1132 |
| Shellpoint | | | PO Box 51850 | | Livonia MI 48151-5850 |
| State of California Franchise Tax Board | | | Bankruptcy Section MS A340 | PO BOX 2952 | Sacramento CA 95812-2952 |
| State of Minnesota, Department of Revenue | | | PO BOX 64447-BKY | | ST PAUL MN 55164-0447 |
| T-MOBILE USA INC | | | Jefferson Capital Systems, LLC Assignee | PO BOX 7999 | SAINT CLOUD MN 56302-7999 |
| JEFFERSON CAPITAL SYSTEM LLC | | | MAILROOM | 200 14TH AVE E | SARTELL MN 56377-4500 |
| Tbom/cci Mc | | | The Bank of Missouri, Attn: Bankruptcy | 906 N. Kingshighway | Perryville MO 63775-1204 |
| The Huntington National Bank | | | PO Box 89424 | OPC856 | Cleveland OH 44101-6424 |
| US DEPARTMENT OF HOUSING AND URBAN DEVELOP | | | 477 MICHIGAN AVE #1600 | | DETROT MI 48226-2564 |
| UNIFUND CCR LLC | | | ATTN MEDIA DEPARTMENT | 10625 TECHWOOD CIRCLE | CINCINNATI OH 45242-2846 |
| Upstart Finance | | | Attn: Bankruptcy | Po Box 1503 | San Carlos CA 94070-7503 |
| Upstart Network, Inc | | | c/o Peritus Portfolio Services II, LLC | PO Box 1149 | GRAPEVINE TX 76099-1149 |
| Verizon Wireless | | | Attn: Bankruptcy Department | P.O.Box 408 | Newark NJ 07101-0408 |
| Wings Credit Union | | | 14985 Glazier Avenue, Suite 100 | | Apple Valley MN 55124-6539 |
| Wings Credit Union | | | Attn: Bankrutpcy | 14985 Glazier Avenue | Apple Valley MN 55124-6539 |
| Zoom Financi | | | 2731 Nevada Ave | | New Hope MN 55427-2806 |
| Zoom Financial | | | 2731 NEVADA AVE N | | NEW HOPE MN 55427-2806 |
| Brenda Sia Fadiga | | | 10825 185th CT NW | | Elk River MN 55330-5024 |
| Jesse A. Horoshak | | | LifeBack Law Firm, PA | 6445 Sycamore Court North | Maple Grove MN 55369-6028 |
| Kyle Carlson | | | Chapter 13 Trustee | PO Box 519 | Barnesville MN 56514-0519 |
| Lillian N Sackett | | | LifeBack Law Firm, PA | 13 7th Ave South | St Cloud MN 56301-4259 |

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Brenda Sia Fadiga**

Case No. **26-41929**
CHAPTER 13 PLAN ☑ Modified
Dated **November 17, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $ **0** ).

2.2 After the date of this plan, the debtor will pay the trustee $**59,758.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$850.00** | **07/2026** | **08/2026** | **2** | **$1,700.00** |
| **$1,001.00** | **09/2026** | **06/2031** | **58** | **$58,058.00** |
| | | | PART 2.2 SUBTOTAL: | **$59,758.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **NONE** .
2.5 The debtor will pay the trustee a total of $**59,758.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **5,975.80** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the

proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**1** | **Newrez** | **10825 185th CT NW** | **30,000. 00** | **0.00** | **07/2026** | **Pro Rata** | **Pro Rata** | **$26,698.80** | **$0.00** | **$26,698.80** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**2** | **Shellpoint** | **10825 185th CT NW** | **0.00** | **0.00** | **N/A** | **N/A** | **N/A** | 0.00 | **$** | **$0.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**3** | **US HUD** | **10825 185th CT NW** | **0.00** | **0.00** | **N/A** | **N/A** | **N/A** | 0.00 | **$** | **$0.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

TOTAL: **$26,698.80**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6.1 | **Zoom Financi** | **$6,037.00** | **$3,000.00** | **9.0 0** | ☑ | **07/2026** | **$50.00** | **6** | **$300.00** | **$0.00** | **$3,736.50** |
| | | | | | | **01/2027** | **$63.64** | **54** | **$3,436.50** | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$3,736.50** |

Local Form 3015-1
REVISED 09/2025

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | **MN Dept of Revenue** | **$5,091.90** | **8** | | **07/2026** | **$103.25** | **60** | **$6,194.72** | **0.00** | **$6,194.72** |
| | | | | | | | | | TOTAL: | **$6,194.72** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | **Attorney Fees** | **$4,053.46** | **07/2026** | **$810.69** | **5** | **$4,053.46** | **$0.00** | **$4,053.46** |
| 8.2 | **California Dept of Revenue** | **$1,692.00** | **07/2026** | **Pro Rata** | **Pro Rata** | **$1,692.00** | **$0.00** | **$1,692.00** |
| 8.3 | **Internal Revenue Service** | **$8,722.23** | **07/2026** | **Pro Rata** | **Pro Rata** | **$8,722.23** | **$0.00** | **$8,722.23** |
| 8.4 | **MN Dept of Revenue** | **$138.00** | **07/2026** | **Pro Rata** | **Pro Rata** | **$138.00** | **$0.00** | **$138.00** |
| | | | | | | | TOTAL | **$14,605.69** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$3,037.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$55,878.00** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$4.32** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **4.56** |

| | |
|---|---|
| Estimated remaining payments | **$2,546.49** |
| *+ amount paid to date by trustee (mod. plan only)* | 0.00 |
| = TOTAL estimated payments | **$2,546.49** |

Local Form 3015-1
REVISED 09/2025

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | **-NONE-** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| **15.1** | **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

Local Form 3015-1
REVISED 09/2025

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **5,975.80** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **26,698.80** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **3,736.50** |
| Secured claims excluded from § 506 [Part 7] | $ | **6,194.72** |
| Priority claims [Part 8] | $ | **14,605.69** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **2,546.49** |
| TOTAL (must equal line 2.5) | $ | **59,758.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Lily Sackett**
**Lily Sackett** 0397663
Attorney for debtor

Signed: **/s/ Brenda Sia Fadiga**
**Brenda Sia Fadiga**
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)